UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

AMBER K.,

                    Plaintiff,

     -v-

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

_____

                                       23-CV-06366-MJR
                                       DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 13)

Plaintiff Amber K.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying her application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 8) is granted, and defendant's motion (Dkt. No. 11) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

On December 29, 2020, Plaintiff applied for DIB, alleging disability beginning on June 6, 2019. (Tr. 61, 226-27). Her application was denied initially on March 25, 2021, and on reconsideration on October 29, 2021. (Tr. 99-104, 113-18). Plaintiff subsequently requested a hearing which was held on October 4, 2022. (Tr. 36-58, 126-27). On October 24, 2022, an Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim. (Tr. 7-27). On April 28, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g). (Tr. 1-6). This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

- 3 -

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the

Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.* §§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot

adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

The ALJ first found that Plaintiff met the insured status requirements of the Act through December 31, 2022. (Tr. 12). He next found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 6, 2019. *Id.* At step two, the ALJ found that Plaintiff had the severe impairment of joint dysfunction (chondrocalcinosis of the knees). Tr. 12-14. The ALJ further found that Plaintiff's mental impairments were non-severe. *Id.*

The ALJ concluded at step three that Plaintiff's impairments did not meet any of the listed impairments set forth in Appendix 1 of 20 C.F.R. Part 404, Subpart P. (Tr. 14). The ALJ then found that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she could stand and/or walk for two hours in an eight-hour day, occasionally climb stairs, ladders, ropes, or scaffolds, frequently balance, occasionally stoop, kneel, crouch, and crawl, and should avoid concentrated exposure to hazards, such as dangerous moving machinery and unprotected heights. (Tr. 14-22).

At step four, the ALJ determined that Plaintiff could not return to any of her past relevant work. (Tr. 22). At step five, the ALJ concluded that Plaintiff could perform work

existing in significant numbers in the national economy. (Tr. 22-23). Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. (Tr. 23).

    IV.   *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded, because the ALJ did not evaluate the medical opinion evidence adequately regarding a sitting limitation. The Court agrees.

"When determining a claimant's RFC, an ALJ must evaluate every medical opinion received,'[r]egardless of its source.'" *Anna T. v. Commissioner*, No. 19-CV-1524-LJV, 2021 U.S. Dist. LEXIS 39657, 2021 WL 810014, at *2 (W.D.N.Y. March 3, 2021) (citing 20 C.F.R. §404.1527(c)). "[B]efore an ALJ may deny a claimant's application, the ALJ must confront the evidence in the claimant's favor and explain why it is was rejected." *Id.* (citation, internal quotation marks, and alterations omitted).

Here, consultative examiner, Dr. Harbinder Toor, M.D., opined that Plaintiff had moderate limitations in "sitting too long." (Tr. 485). Consistent with Dr. Toor, Plaintiff's treating physician, Dr. Natercia Rodrigues, M.D., also opined that Plaintiff had a sitting limitation. (Tr. 790-91). She opined that Plaintiff was only able to sit for 45 minutes at a time, for a total of only two hours in a workday.[3] (Tr. 791). While the ALJ included a standing and/or walking limitation of two hours in an eight-hour workday in Plaintiff's RFC, he did not include any type of sitting limitation, nor did he provide any explanation in his decision for rejecting the opinions of Drs. Toor and Rodrigues regarding a sitting limitation. This was error.

---

[3] There is evidence in the record that Plaintiff was limited in the amount of time she was able to sit without elevating and icing her legs. (Tr. 737, 740, 742, 744, 746, 748, 750, 752, 754, 756, 791, 792).

This error was not harmless. At the hearing, the vocational expert ("VE") testified that someone who could sit, stand, and walk for a total of only 6 hours would not be able to engage in any full-time work. (Tr. 56). Based on the ALJ's finding that Plaintiff could stand and walk for a total of only 2 hours, Plaintiff would need to be able to sit for the remaining six hours in an eight-hour workday, on a regular and continuing basis, according to the VE's testimony and SSR 96-8p. Because it is not clear that proper consideration of the evidence would not lead to a finding of disability, the ALJ's error was not harmless and remand is warranted. "Error involving failure to consider relevant evidence 'ordinarily requires remand to the ALJ for consideration of the improperly excluded evidence, at least where the unconsidered evidence is significantly more favorable to the Plaintiff than the evidence considered.'" *Simpson v. Astrue*, No. 11-CV-6500 (JWF), 2013 WL 4495090, at *12 (W.D.N.Y. Aug. 19, 2013) (*quoting Zabala v. Astrue,* 595 F.3d 402, 409 (2d Cir.2010)). "It is not proper for the ALJ to simply pick and choose from the transcript only such evidence that supports his determination." *Sutherland v. Barnhart,* 322 F.Supp.2d 282, 289 (E.D.N.Y.2004).[4]

---

[4] On remand, the defendant should also consider other arguments raised by the Plaintiff, including whether there should have been a more restrictive balance limitation in the RFC; the ALJ's mischaracterization of certain portions of the record; and whether the ALJ erred in assessing Plaintiff's psychiatric impairments.

## **CONCLUSION**

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is granted and defendant's motion for judgment on the pleadings (Dkt. No.11) is denied. The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:      January  20, 2026
            Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge